# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2012

No. 11-60243

Lyle W. Cayce
Clerk

DANNY L. ROBINSON,

Plaintiff - Appellant

v.

RODGER RYAN; INTERVECT USA, INCORPORATED, doing business as
Alimak Hek, Incorporated,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-74

Before STEWART, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Danny Robinson sued Rodger Ryan and his employer, Intervect USA, Inc.,
seeking damages allegedly resulting from a car accident involving Robinson and
Ryan. Following a jury verdict of no liability, Robinson filed alternative motions
for judgment as a matter of law and a new trial. Robinson now appeals the
district court's denial of both motions. We affirm.

## FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-60243

At the time of the incident giving rise to this suit, Ryan worked for Intervect as an elevator repairman. His job required him to work in several states in the southeast region of the country, and he therefore traveled extensively. On January 20, 2005, Ryan was driving a rented pickup truck from his home in Alabama through Sherman, Mississippi, on his way to perform a service job in Memphis, Tennessee. Ryan stopped at a truck stop in Sherman, parked his vehicle in a parking spot, and went into the convenience store. He returned to the truck five to ten minutes later and listened to the presidential inauguration on the radio for several minutes. During this same period, Robinson, who then served as the Police Chief of Sherman, arrived at the truck stop and parked his police car near the air pump, behind and perpendicular to Ryan's truck. The parties dispute how close together the two cars were parked and how long before the collision Robinson had pulled in behind Ryan, but when Ryan backed out of his parking spot, his rear bumper collided with the rear quarter panel of Robinson's car.

On May 7, 2007, Robinson filed a complaint in the Mississippi state court, alleging that Ryan had negligently backed his truck into Robinson's police car, causing injuries to Robinson's right elbow and neck. Robinson and Intervect successfully removed the case to the Northern District of Mississippi, where it was tried to a jury. At the conclusion of the trial, the jury returned a special verdict that included the finding that Ryan was not "liable for negligence which legally caused or contributed to Danny Robinson's damages, if any," and awarded no damages. Arguing that the evidence overwhelmingly supported liability, Robinson moved for judgment as a matter of law, or alternatively, for a new trial. The district court denied both motions. This timely appeal followed.

**STANDARD OF REVIEW**

We review the denial of a motion for judgment as a matter of law *de novo*, applying the same standards as the district court. *See Travelers Cas. & Sur. Co.*

2

No. 11-60243

*of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481 (5th Cir. 2008). When a case is tried by a jury, a Rule 50(a) motion is a challenge to the legal sufficiency of the evidence. In resolving such challenges, we draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the jury verdict. Thus, we will reverse the denial of a Rule 50(a) motion only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict. *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008).

We review the denial of a motion for a new trial for abuse of discretion. Such a denial will be affirmed unless the appellant makes a "clear showing of an absolute absence of evidence to support the jury's verdict." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (internal quotation marks omitted).

**DISCUSSION**

*I. Judgment as a Matter of Law*

Robinson contends that the evidence was legally insufficient to support the jury's verdict on liability. The parties have focused much of their briefing on whether the evidence adduced at trial conclusively demonstrated that Ryan was negligent in backing his truck into Robinson's car. But we need not address this disagreement because the evidence was sufficient to permit the jury to conclude that Robinson's alleged injuries were not the result of the accident, and therefore were not caused by Ryan, regardless of whether Ryan was negligent. Although two of Robinson's treating physicians, John Mitias and Glen Crosby, testified that the accident was a contributing cause of his injuries, other evidence indicated that his injuries were not caused by the accident.

For example, the evidence showed that Robinson did not seek any medical treatment until a full week after the accident. When he did seek treatment for the first time following his injuries, his medical records indicate that he

No. 11-60243

complained primarily of lower back pain and denied that his symptoms were connected with any known trauma.[1] Robinson did not seek treatment for his elbow for more than three months after the accident, and when he did, he was diagnosed with lateral epicondylitis, commonly known as tennis elbow, which Dr. Mitias testified was a degenerative condition that could have been present before the accident. Mitias also testified that if the condition in Robinson's elbow was directly caused by the accident, the pain would have manifested itself within the first week. Although Mitias did opine that the condition was related to the accident, he admitted that this conclusion was based almost entirely on Robinson's own account of when his symptoms began, and that his degree of certainty was lessened by the fact that Robinson did not seek treatment for his elbow for over three months after the accident. The jury also heard testimony that Robinson had received medical attention for his right elbow in connection with an incident that occurred years before the accident, a fact that Mitias admitted would have affected his opinion about the cause of Robinson's condition had he been aware of it.

Moreover, there is no medical record that Robinson complained of any neck pain until almost two years after the accident, despite the fact that during this period he met with a physician and physical therapists on numerous occasions. Like Mitias, Dr. Crosby, who eventually treated Robinson's neck, admitted his conclusion that Robinson's injuries were caused by the accident was based only on Robinson's statements to him about when his symptoms began. Crosby also testified that some of Robinson's neck problems stemmed from degenerative disc disease, a condition that does not typically result from trauma. Thus, the evidence about the cause of Robinson's injuries was in conflict and did not point

---

[1] Robinson testified that he complained of pain in his elbow at this first doctor's visit, but his assertion was not corroborated by the other evidence.

4

"so strongly and so overwhelmingly" in favor of Robinson that no reasonable juror could return a contrary verdict.

As we have explained:

A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. On appeal we are bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. Even though we might have reached a different conclusion if we had been the trier of fact, we are not free to re-weigh the evidence or to re-evaluate credibility of witnesses. We must not substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable.

*Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 297 (5th Cir. 2005). The jury was free to discredit the evidence connecting Robinson's injuries to the accident, and we must not overturn its reasonable conclusion.

## II. *New Trial*

Robinson contends that the jury's verdict was contrary to the great weight of the evidence, warranting a new trial.

Our review of the district court's denial of a motion for a new trial is more deferential than our review of a motion for judgment as a matter of law. We will reverse the trial court's denial of a motion for a new trial only when there is a clear showing of an abuse of discretion. To show an abuse of discretion in this respect, the defendant must show an absolute absence of evidence to support the jury's verdict.

*Foradori*, 523 F.3d at 497 (citations omitted). Because we have already concluded that the jury's verdict was supported by the evidence in reviewing the district court's denial of judgment as a matter of law, we necessarily find that there was no abuse of discretion in its denying the motion for a new trial. *See id.*

## CONCLUSION

For the reasons set forth above, the judgment of the district court is AFFIRMED.